UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUNDRI G. BHAGWANANI**<br><br>Plaintiff,<br><br>v.<br><br>**HOWARD UNIVERSITY, et al.**<br><br>Defendants. | Civil Action No. 03-714 (JDB) |

## MEMORANDUM OPINION

On March 21, 2003, defendant Howard University removed this action concerning a dispute over an employment contract from the Superior Court of the District of Columbia to federal court. Shortly thereafter, plaintiff Sundri Bhagwanani filed a motion to remand the action to Superior Court, arguing that the lone count on which Howard University premised its removal -- a count alleging a District of Columbia law conspiracy to violate the Thirteenth Amendment of the United States Constitution -- did not give rise to a question of federal law sufficient to remove the case to federal court. The parties fully briefed the motion to remand, and then continued to prepare for trial consistent with a schedule set by the district court.

The motion to remand was still undecided, and the parties were at the eve of trial, when the case was transferred from the predecessor judge to this judge on October 7, 2004. At a hearing shortly after it received the case, this Court explained that it was obliged to resolve the pending motion to remand -- and the issues raised therein regarding the subject matter jurisdiction of this Court to hear the matter at all -- before it could entertain any other aspects of the case. This

-1-

Court has now reviewed the motion to remand and responsive papers, the arguments of counsel at two separate hearings on the issue, and the case law on whether a state (or District of Columbia) law conspiracy to violate federal law states a federal cause of action for purposes of removal jurisdiction.  The Court has also considered whether the presence of this case in federal court for more than a year and a half can itself provide an independent basis for maintaining the case in this Court notwithstanding any threshold deficiency in jurisdiction.  Because the Court answers both questions in the negative, it is compelled to remand this action to the Superior Court.

## BACKGROUND

Plaintiff is a doctor who holds both a medical degree and a Ph.D. and specializes in maternal-fetal medicine.  On June 28, 2002, she filed a Complaint in the Superior Court of the District of Columbia against Howard University, alleging that the University had failed to pay her for work she performed while employed as an Assistant Professor in the University's College of Medicine.  Compl. ¶¶ 22-23.  The Complaint also alleges that the University had failed to provide her with the equipment and assistance she says she was promised for research, teaching, and clinical work, id. ¶¶ 24-29; that her supervisors harassed her and refused to promote her on account of her gender and national origin, id. ¶¶ 36-39; and other employment-related issues, id. ¶¶ 30-35, 40.  The initial Complaint raised six claims under District of Columbia law: accounting, breach of contract (conditions of practice), breach of contract (denial of grievance procedure), fraud, sexual and national origin harassment in violation of the D.C. Human Rights Act, and retaliation.

On July 18, 2002, plaintiff filed a First Amended Complaint that expanded on several of the factual allegations in the initial Complaint.  Howard University filed an Answer to the First

Amended Complaint. Following an initial round of discovery, plaintiff filed a motion in Superior Court to amend the Complaint again and to add Howard University Physicians, Inc. ("HUP") as a defendant. In the papers supporting the motion to amend, plaintiff noted that the First Amended Complaint sought "compensation under a contract theory for practice activity in which Plaintiff was required by her supervisors at Howard to engage and for which she had not been paid." Notice of Removal, Ex. 1 at 58-59 (Mem. Supp. Mot. Join HUP, Feb. 7, 2003). She explained that the proposed changes in the Second Amended Complaint were "directly related to and based on Howard's contention in pleadings and discovery that HUP's existence relieves Howard of responsibility regarding the compensation of its faculty for work Howard requires its faculty to do." Id. at 61. On February 14, 2003, the Superior Court granted the motion to file the Second Amended Complaint.

This newly amended Complaint added three new causes of action: a conspiracy to procure involuntary servitude, quantum meruit, and unjust enrichment. Second Am. Compl. ¶¶ 45-50. Each of the counts, at least on its face, arises out of the allegation that Howard University and HUP failed to pay plaintiff for certain work she performed at the University. For example, the count alleging a conspiracy to procure involuntary servitude states:

> Count VII: Conspiracy to Procure Involuntary Servitude
>
> Howard University and HUP have conspired to deprive Dr. Bhagwanani of payment for services that Howard University demanded that she provide as a maternal fetal medicine specialist. This action by Defendants violates Section 1 of Article 13 of the United States Constitution.

Id. ¶ 45.[1] On March 21, 2003, Howard University removed the case to this Court, citing 28

---

[1] The parties have treated plaintiff's reference to "Section 1 of Article 13 of the United States Constitution" as a reference to the Thirteenth Amendment, which addresses involuntary

U.S.C. § 1441(b) and the conspiracy claim in the Second Amended Complaint.

Shortly thereafter, on April 6, 2004, plaintiff filed a motion to remand the action and for attorneys' fees. Plaintiff maintained that the conspiracy claim alleged a District of Columbia law conspiracy to violate the federal Constitution and that federal jurisdiction was therefore unavailable under the rule of Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804 (1986). Plaintiff also argued that the notice of removal was defective because HUP had failed to consent to the removal. (HUP would provide its timely consent to removal on April 24, 2003.) Finally, plaintiff sought costs and attorneys' fees traceable to the removal. The parties fully briefed the motion to remand, and the case continued towards trial in federal court. During the next year and a half, the parties completed discovery, the defendants filed motions for summary judgment on several of plaintiff's claims (including the conspiracy claim), and a trial date was set for September 21, 2004.

The motion to remand was still undecided when the parties were informed, on September 7, 2004, that this case would be reassigned from the prior judge, and that all previously set dates would be continued pending the reassignment. On October 7, 2004, the case was reassigned. On October 21, 2004, this Court held a status conference at which it explained that it was compelled to address the pending motion to remand before taking any other action in the case. Only if it concluded that there was federal subject matter jurisdiction over the action, this Court stated, would it turn to the pending partial summary judgment motion and reschedule the case for trial. This Court heard argument from the parties on the motion for remand on October 21, 2004, and again on January 4, 2005. It has carefully considered the parties' papers and the governing law.

---

servitude. The Court does likewise.

## ANALYSIS

The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); In re Tobacco/Gov'tal Health Care Costs Litig., 100 F. Supp. 2d 31, 35 (D.D.C. 2000). Because of the significant federalism concerns involved, this Court strictly construes the scope of its removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941); Johnson-Brown v. 2200 M Street LLC, 257 F. Supp. 2d 175, 177 (D.D.C. 2003). Accordingly, "if federal jurisdiction is doubtful, a remand to state court is necessary." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2003) (en banc); see Johnson-Brown, 257 F. Supp. 2d at 177.

Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b); Notice of Removal ¶ 4. Defendants premise the removal of this action on the contention that Count VII of the Second Amended Complaint alleging a District of Columbia law conspiracy to violate the Thirteenth Amendment of the United States Constitution states a claim "arising under" federal law within the meaning of section 1441(b).[2] See Notice of Removal ¶ 4.

The "vast majority" of the cases that arise under federal law are those where the cause of action is actually created by federal law. Merrell Dow, 478 U.S. at 807; Dixon, 369 F.3d at 815. There is, however, a "small class of cases where, even though the cause of action is not created by

---

[2] Defendants point out that the Court would then have supplemental jurisdiction over the District of Columbia law claims in the Complaint pursuant to 28 U.S.C. §§ 1367. See Notice of Removal ¶ 4.

federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law." Dixon, 369 F.3d at 815; see Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 12 (1983); City of Huntsville v. City of Madison, 24 F.3d 169, 171-72 (11th Cir. 1994). This Court reads the count on which defendants based removal to allege a state law[3] conspiracy to violate the Thirteenth Amendment of the United States Constitution. This is the reading that the parties give to Count VII as well.[4] The question for this Court, therefore, is whether this state law conspiracy falls within the "small class of cases" where there is federal question jurisdiction even though the cause of action is created by state rather than federal law.

In Merrell Dow, the Supreme Court addressed whether a state law negligence claim could be removed to federal court because it arose under federal law, where the plaintiff alleged that the defendant pharmaceutical company's violation of the branding requirements of the federal Food, Drug and Cosmetic Act (FDCA) gave rise to a rebuttable presumption of negligence in the underlying tort action. 478 U.S. at 804. The Court noted that it had recognized a few years earlier in Franchise Tax Board that a case may arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id. at 813 (quoting Franchise Tax Board, 463 U.S. at 13). The Court in Merrell

---

[3] The District of Columbia is treated as a state for purposes removal jurisdiction. See 28 U.S.C. § 1451.

[4] See Mem. Supp. Mot. Pl. to Remand at 3 ("The primary question before this Court is whether this Court has original jurisdiction of a D.C. tort claim for conspiracy to procure involuntary servitude."); Def. Howard University's Opp. Pl. Mot to Remand at 5-6 ("Plaintiff's conspiracy claim, which has a threshold federal issue embedded within it, is precisely the type of state-law cause of action that creates federal question jurisdiction . . . .").

Dow explained that it did not mean with this language to "disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Id..

Instead, the Court reasoned, the inquiry into whether a state law claim arises under federal law requires "sensitive judgments about congressional intent, judicial power, and the federal system," and there is a "need for prudence and restraint in the jurisdictional inquiry." Id. at 810. Emphasizing that Congress had not created a private remedy in the FDCA for a violation of the federal branding rules, the Court held that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id. at 814.  Therefore, the Court concluded, "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." Id. at 817.

Drawing on the Supreme Court's reasoning in Merrell Dow and Franchise Tax Board, federal courts have developed a two-part analysis for determining whether a state law cause of action can serve as a basis for federal removal jurisdiction. As the Fourth Circuit sitting en banc recently described the test, the removing party must show: "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.  If either of these two elements is lacking, removal is improper and the case should be remanded to state court." Dixon, 369 F.3d at 815; see Jairath v. Dyer, 154 F.3d 1280, 1283 (11th

Cir. 1998); Dillon v. Combs, 895 F.2d 1175, 1177 (7th Cir. 1990); see generally Rogers v. Platt, 814 F.2d 683, 688 (D.C. Cir. 1987) (discussing these requirements).

The first prong of this inquiry is unquestionably satisfied in this case. To prove a conspiracy in the District of Columbia, a plaintiff must show (I) an agreement between two or more persons; (ii) to participate in an unlawful act; and (iii) an injury caused by an unlawful overt act performed by one of the parties to the agreement (iv) pursuant to, and in the furtherance of, the common scheme. See Griva v. Davison, 637 A.2d 830, 848 (D.C. 1994). Here, plaintiff must show that defendants violated the Thirteenth Amendment in order to demonstrate that defendants participated in an "unlawful act" for purposes of the conspiracy count in their Complaint. It follows that the conspiracy claim "necessarily depends on a question of federal law." Dixon, 369 F.3d at 815.

That fact alone, however, is not enough to give rise to federal subject matter jurisdiction. See Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1292 (11th Cir. 2004) ("[I]t is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action."). As Merrell Dow makes clear and as lower courts have since emphasized, a party seeking removal must also show that the plaintiff's state law claim raises a "substantial" question of federal law. See Merrell Dow, 478 U.S. at 814; Dixon, 369 F.3d at 815. Under Merrell Dow, a complaint alleging a violation of federal law as an element of a state cause of action does not raise a substantial question of federal law when "Congress has determined that there should be no private, federal cause of action for the violation." 478 U.S. at 818; see also Rogers, 814 F.2d at 688 ("[C]ongressional intent not to create a federal cause of action is deemed a proxy for the ultimate question whether or not

-8-

Congress intended to confer federal jurisdiction.").

This does not mean that any cause of action arising under a statute, even one that is irrelevant to the particular claim before the Court, will suffice under Merrell Dow. Instead, courts have consistently held that "even when Congress does create a private cause of action for the violation of a federal law," if a "particular plaintiff is barred from bringing the private, federal cause of action, either substantively or procedurally, no federal subject matter jurisdiction exists over that plaintiff's state cause of action predicated on a violation of the same federal law." Dixon, 369 F.3d at 818; see also Jairath, 154 F.3d at 1283 & n.9 (finding no federal removal jurisdiction where "a private cause of action under the [federal statute] is available as an abstract matter," but "this particular plaintiff . . . has no standing to pursue the only federal private cause of action available"); Seinfeld v. Austen, 39 F.3d 761, 764 n.3 (7th Cir. 1994) (rejecting defendant's argument "that federal law need not specifically grant these plaintiffs a private right of action as long as someone has been granted such a right in the statute").

For example, the Fourth Circuit in Dixon remanded the action in that case to state court where the plaintiff had invoked the First Amendment to establish a violation of a state statute that made it unlawful for an employer to terminate an individual for exercising their rights under the United States Constitution. See 369 F.3d at 817. The defendant in the action was a private company, and the court explained that although Congress had created a private cause of action to remedy violations by state actors of the rights secured by the federal Constitution (42 U.S.C. § 1983), it had not created "a federal remedy for members of the private workforce whose employers restrict their freedom of speech." Id. at 818-19. Applying Merrell Dow, the court concluded that "the Plaintiffs' inability to proceed under a federal statute constituted a

congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action was insufficiently 'substantial' to confer federal question jurisdiction." Id. at 818 (quotations and alterations omitted).

Likewise, the Eleventh Circuit found an absence of removal jurisdiction where a plaintiff alleged in his state tort claim that the Americans with Disabilities Act created a "duty" that doctors had violated in refusing to operate on him upon discovering that he was HIV-positive. See Jairath, 154 F.3d at 1283. The court noted that there is a private right of action for injunctive relief under the ADA, but that Jairath could not obtain this relief because he had sought and received the desired operation from a second doctor and therefore lacked standing. Id. at 1283 & n.8. Hence, although "a private cause of action under the ADA is available as an abstract matter," the Court concluded that there was no removal jurisdiction because "this particular plaintiff, Jairath, has no standing to pursue the only federal private cause of action available under the ADA." Id. at 1283-84.

The Seventh Circuit reached a similar result in considering a state law shareholders derivative suit in which the plaintiffs alleged that the defendant board members had breached their fiduciary duty to the corporation by failing to prevent executives from engaging in violations of several federal antitrust laws. See Seinfeld, 39 F.3d at 762. Although there is a private right of action under these antitrust laws, the court reasoned that federal subject matter jurisdiction did not attach because plaintiffs in the case would be unable to demonstrate "antitrust injury," a substantive prerequisite for any claim of damages under the antitrust laws. Id. at 764-65. Therefore, the court found that removal was improper under Merrell Dow and remanded the case to state court. See id. at 765.

In each of these cases, the court declined to find federal jurisdiction over a state law claim containing a federal question of law because Congress had declined to create a cause of action for violations of the federal law that would apply to the particular circumstances of the plaintiff's case. See also Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 152 (4th Cir. 1994) (holding that, although there is a private cause of action under the relevant federal environmental statutes, "the Plaintiffs could not proceed under any of these environmental statutes, and because the remedy sought is unavailable here, a private cause of action under Merrell Dow does not, in truth, exist") (quotation omitted); Harding-Wright v. Dist. of Columbia Water and Sewer Auth., No. 04-558, 2005 WL 13283, at *2 (D.D.C. Jan. 3, 2005) (concluding that there is an absence of federal jurisdiction under Merrell Dow where a private cause of action existed for the federal issue contained in the plaintiff's state law claim, but the particular remedy sought by plaintiff was unavailable through the federal cause of action).

This has been the consistent reading of Merrell Dow by lower courts, and it forecloses removal to federal court for a state law conspiracy to violate the Thirteenth Amendment. There is a private cause of action for violations of the Thirteenth Amendment under 42 U.S.C. § 1983, but that avenue is confined to conduct by state actors. See Sumpter v. Harper, 638 F.2d 106, 108 (4th Cir. 1982); see generally Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Likewise, Congress created a private civil cause of action under the Thirteenth Amendment even against private individuals under 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 42 U.S.C. § 1985, but those statutes require evidence of racial or other class-based invidious discrimination behind the defendants' actions. See, e.g., Griffin v. Breckenridge, 403 U.S. 88, 101 (1971). Congress has simply declined to create a remedy in federal court under the Thirteenth Amendment for the

conduct alleged here: that of one private individual forcing another private individual to work without adequate pay.

It is significant that Congress has chosen to enact *criminal statutes* that extend to the full reach of the Thirteenth Amendment. See 18 U.S.C. §§ 241, 1584. These statutes have been read to prohibit any form of involuntary servitude in which the victim is forced to work for the defendant (even for a private actor) through the use or threat of physical restraint or coercion through law or legal process. See United States v. Kozminski, 487 U.S. 931, 942-45 (1988). There is no private cause of action under the Thirteenth Amendment for the same broad categories of involuntary servitude.[5] And yet it is precisely an allegation of involuntary servitude, unaccompanied by any claim of state action or invidious discrimination, that plaintiff states in Count VII of her Second Amended Complaint.

Defendants insisted at the January 4, 2005, hearing that an allegation of discrimination can be read into Count VII of the Second Amended Complaint. However, no such allegation can be found on the face of that count. Second Amended Compl. ¶ 45. Nor can any such allegation be

---

[5] The prevailing rule is that there is no cause of action arising directly out of the Thirteenth Amendment under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See, e.g., Doe v. Reddy, No. 02-5570, 2003 WL 23893010, at *8 (N.D. Cal. Aug. 4, 2003). One court read an implied private cause of action into one of the criminal statutes prohibiting involuntary servitude (18 U.S.C. § 1584). See Malinguez v. Joseph, 226 F. Supp. 2d 377, 383 (E.D.N.Y. 2002). However, in light of the private causes of action that Congress expressly created in 42 U.S.C. §§ 1981, 1982, 1983, and 1985 for particular categories of Thirteenth Amendment violations, this Court finds more persuasive the reasoning of the courts that have declined to find a blanket implied cause of action for violations of the Thirteenth Amendment through section 1584. See, e.g., Buchanan v. City of Bolivar, 99 F.3d 1352, 1357 (6th Cir. 1996); Piorkowski v. Parziale, No. 02-963, 2003 WL 21037353, at *8 (D. Conn.); see generally Cort v. Ash, 422 U.S. 66, 80 (1975) (indicating that courts should be especially reluctant to locate an implied civil cause of action in "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone").

found on the face of the other counts added through the Second Amended Complaint at the same time as the conspiracy claim (all of which allege merely a failure to pay plaintiff for services performed), or in the common allegations of the Second Amended Complaint.  Indeed, in the papers that they filed in support of their motion for summary judgment of the conspiracy claim in Count VII, defendants did not mention the issue of discrimination even once, casting a shadow on their current insistent that there is actually an allegation of discrimination in that claim.

Defendants are correct inasmuch as they note that there are some allegations of class-based discrimination elsewhere in the complaint.  These allegations, however, are located only in a state law harassment claim in Count V, where plaintiff alleges mistreatment and a failure to promote because of her sex and ethnicity.  These employment actions are distinct from the failure to pay that forms the basis of the conspiracy action, and at any rate, the discrimination allegations are confined exclusively to Count V.  All of the other counts, including the counts added in the Second Amended Complaint, allege fairly routine contract and tort claims without the hint of a claim of class-based animus.  The Court believes that the conspiracy claim in Count VII should be given its plain meaning, the description that plaintiff gave it in her Superior Court papers seeking leave to add the count, the reading defendants themselves gave it in their summary judgment papers, and the reading that plaintiff gives it now:  an unadorned conspiracy claim of involuntary servitude based on failure to pay for services performed.

As discussed above, Congress has chosen not to extend a federal civil remedy for this kind of violation of the Thirteenth Amendment.  Congress has decided to leave the kind of employment disputes alleged in these cases -- devoid of state action or class-based discrimination -- to the state

courts.[6]  Under Merrell Dow, a plaintiff cannot make an "end run" around this decision by using a state law conspiracy claim as a vehicle to get the case into federal court.  See Danfelt v. Bd. of County Comm'rs of Washington County, 998 F. Supp. 606, 609 (D. Md. 1998).  Nor can a defendant remove such a claim to federal court.  Accordingly, this Court lacks any federal subject matter jurisdiction over this action.[7]

As Merrell Dow suggests, the determination of federal jurisdiction over a state law claim containing a federal question of law is a difficult issue that defies categorical rules and turns in any particular case on the nature of the federal interests involved.  Nevertheless, it is notable that the conclusion this Court reaches here is in accord with a line of cases (some decided before Merrell Dow and at least one decided after) holding that a state law conspiracy to violate a federal law raises an insufficient federal question to support federal jurisdiction over the claim.  See In re Orthopedic Bone Screw Prod. Liability Litig., 939 F. Supp. 398, 401 (E.D. Pa. 1996) (state law conspiracy to violate Federal Food, Drug, and Cosmetic Act); Abrams v. Carrier Corp., 434 F.2d 1234, 1253-54 (2d Cir. 1970) (state law conspiracy to violate Labor Management Reporting and

---

[6] As the Supreme Court explained in Griffin v. Breckenridge:

> That [42 U.S.C. § 1985(3)] was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others.  For, though the supporters of the legislation insisted on coverage of private conspiracies, they were equally emphatic that they did not believe, in the words of Representative Cook, "that Congress has a right to punish an assault and battery when committed by two or more persons within a State."

Griffin, 403 U.S. at 101

[7] There is no other basis for federal jurisdiction in this case either.  For example, although the parties are diverse, there is a statutory exception to removal on the basis of diversity where, as here, one or more of the defendants is a "citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

Disclosure Act); Berard v. General Motors Corp., 493 F. Supp. 1035, 1042 (D. Mass. 1980) (same).[8]

Even though removal was improper at the outset of this case, there remains the question whether this Court can retain jurisdiction of the case in light of the year and a half of proceedings that have occurred in the federal court system. The federal removal statute, however, could not be clearer that the case "shall" be remanded if "*at any time before final judgment* it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447 (emphasis added). As the Third Circuit recently observed: "The language of this section is mandatory -- once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." Bromwell v. Michigan Mutual Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997); see also Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case.").

This action is plainly still "before final judgment." No reported case has even indicated, let alone held, that the statute allows a district court the latitude to retain a case over which it never had jurisdiction merely by virtue of the passage of time since the case was removed to federal court. See Manuel San Juan Co. v. Am. Intern. Underwriters Corp., 494 F.2d 317, 320

---

[8] The only decision to reach a contrary result is Gaming Corp. v. Dorsey & Whitney, 88 F.3d 536 (8th Cir. 1996), where the court held that federal jurisdiction existed over a state law conspiracy to violate the Indian Gaming Regulatory Act (IGRA). In that case, however, the court emphasized the long and unique history of federal involvement in Native American affairs, and had even held earlier in the decision that the IGRA preempted state law on the subject. See id. at 545-50. A far different state of affairs is present in this case, as states are welcome to enact their own laws that rely on, or even expand upon, federal constitutional rights. See, e.g., Dixon, 369 F.3d at 815 (describing one such statute).

(1st Cir. 1974) (affirming district court's remand of a case three years after motion to remand, and rejecting argument that there should be an exception to 28 U.S.C. § 1447(d) in "cases, such as the present one, where the action, once removed to the federal courts, has continued there for a significant length of time"). Lacking jurisdiction over any of the claims in the Second Amended Complaint, this Court has no choice but to remand this action.[9]

Plaintiff seeks an award of the fees and costs she expended in bringing the motion to remand. Such an award is appropriate only if the removal was either frivolous or in bad faith. See Ibrahim v. 1417 N. Street Assoc., 950 F. Supp. 406 (D.D.C. 1997). The removal in this case hardly meets this standard. As a leading treatise has noted, "the most difficult single problem in determining whether federal question jurisdiction exists is deciding when the relation of federal law to a case is such that the action may be said to be one 'arising under' that law." 13B Wright & Miller, Federal Practice & Procedure 2d § 3562 (1984 & Supp. 2004). Even within this family of jurisdictional issues, the question of federal jurisdiction over a state cause of action containing a federal issue of law is uniquely "litigation-provoking" and "an area of uncertain jurisdiction." Merrell, 478 U.S. at 814; Textile Workers v. Lincoln Mills, 353 U.S. 448, 470 (1957) (Frankfurter, J., dissenting opinion). This case is therefore far afield from the sort of frivolous removal where an award of fees and costs might be appropriate.

## CONCLUSION

Plaintiff's motion to remand and for costs and fees will be granted in part and denied in

---

[9] In her initial papers, plaintiff challenged the removal on the additional ground that it was procedurally defective because it was not joined by all defendants. As plaintiff appears to acknowledge in her reply brief, any defect was remedied by the timely consent of HUP to the removal.

part.  This action is remanded forthwith to the Superior Court of the District of Columbia.  A separate order will be issued.

        /s/ John D. Bates
        JOHN D. BATES
       United States District Judge

Dated:  January 17, 2005

Copies to:

Eric A. Eisen
EISEN LAW OFFICES
10028 Woodhill Road
Bethesda, MD 20817-1218
(301)469-8590
Fax: (301) 469-8120
Email: eric@eisenlaw.org
    *Counsel for plaintiff*

Chevanniese Smith
Abbey Hairston
SEYFARTH SHAW
815 Connecticut Avenue, NW
Suite 500
Washington, DC 20006-4042
(202) 828-3541
Fax: (202) 828-5393
Email: csmith@dc.seyfarth.com

Dennis Milton Taylor
POWERS, PYLES, SUTTER & VERVILLE, P.C.
1875 I Street, NW
Washington, DC 20006-5409
(202) 466-6550
Fax: (202) 785-1756
Email: dennis.taylor@ppsv.com
    *Counsel for defendant Howard University*

Thomas Hylden
POWERS, PYLES, SUTTER & VERVILLE, P.C.
1875 EYE Street, NW
Suite 1200
Washington, DC 20006
(202)466-6550
Fax: (202) 785-1756
Email: thomas.hylden@ppsv.com
    *Counsel for defendant Howard University Physicians, Inc.*